UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMY BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, et al.;<br><br>Defendants. | ) | 3:26-CV-413-KAC-JEM |

**<u>ORDER</u>**

On October 15, 2026, Plaintiff Amy Bryant, through counsel, filed a "Notice of Voluntary Dismissal with Prejudice" as to Defendant Trans Union LLC [Doc. 19]. On November 6, 2026, she filed a second "Notice of Voluntary Dismissal with Prejudice," this time as to Defendant Flagstar Bank, N.A. [Doc. 22]. In each filing, Plaintiff relies on Federal Rule of Civil Procedure 41(a)(1)(A)(i) to dismiss her claims against the relevant Defendant [*See* Docs. 19, 22]. But two other Defendants remain in this action.

Rule 41(a) provides for the dismissal of "***an action***." Fed. R. Civ. P. 41(a) (emphasis added). In contrast, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or ***drop a party***." Fed. R. Civ. P. 21 (emphasis added). Thus, Rule 41 controls the dismissal of an entire "action," but Rule 21 controls where, as here, a party seeks to drop a "party" from the larger action while the larger action remains. *See Letherer v. Alger Grp.*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Cap. Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *see also Espinosa v. First Advantage Background Servs. Corp.,* 343 F.R.D. 414, 415-16 (S.D. Ohio 2023) (explaining the significance between Rules 41 and 21 and collecting cases); *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty.*, No.

12-58, 2012 WL 3644968, at *1-3 (E.D. Ky. Aug. 24, 2012). In evaluating a Rule 21 motion, the Court considers whether the dismissal would cause undue prejudice to a nonmoving party. *See EQT Gathering, LLC*, 2021 WL 3644968, at *3.

Here, Plaintiff cites Rule 41(a) to voluntarily dismiss Defendants Trans Union LLC and Flagstar Bank, N.A. with prejudice while the action against other Defendants remains [*See* Docs. 19, 22]. But Rule 21 is the proper mechanism to drop each of these Defendants from the ongoing action. *See Letherer*, 328 F.3d at 266. The Court, therefore, construes each of Plaintiff's filings as a motion under Rule 21. Under the rubric of Rule 21, no Party has opposed Plaintiff's efforts to drop these Defendants. *See* E.D. Tenn. L.R. 7.2. So, the record shows no undue prejudice to a nonmoving party. *See EQT Gathering, LLC*, 2021 WL 3644968, at *3. And the terms, dismissal with prejudice, are just. *See* Fed. R. Civ. P. 21. Accordingly, the Court (1) **GRANTS** Plaintiff's Motions [Docs. 19, 22], as construed under Rule 21; (2) **DROPS** Defendants Trans Union LLC and Flagstar Bank, N.A. from this action, and (3) **DISMISSES** Plaintiff's claims against Defendants Trans Union LLC and Flagstar Bank, N.A. with prejudice.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge